IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Cindy Mize, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   Civil Action No.: 4:09-76-TLW-TER |
| | ) |
| Travelers Casualty Company of Connecticut, | ) |
| | ) |
|        Defendant. | ) |

# ORDER

This case is now before the Court for consideration of the plaintiff's motion to certify a question to the South Carolina Supreme Court, or in the alternative, to remand to state court. (Doc. # 32). The defendant filed a response in opposition to this motion. (Doc. # 33). The plaintiff then filed a reply to the defendant's response. (Doc. # 34).

Federal courts in diversity cases apply the law of the forum state. Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938). In situations in which "there is no case law from the forum state which is directly on point, the district court attempts to do as the state court would do if confronted with the same fact pattern." Roe v. Doe, 28 F.3d 404, 407 (4th Cir. 1994) (internal citations omitted). The Fourth Circuit has noted that "[o]nly if the available state law is clearly insufficient should the court certify the issue to the state court." Id. (citing Smith v. FCX, Inc., 744 F.2d 1378, 1379 (4th Cir. 1984)). This Court has reviewed the South Carolina law relevant to the interpretation of insurance contracts and the law available which is relevant to boater's insurance. This includes the following cases: Universal Underwriters Ins. Co. v. Metropolitan Property & Life Ins. Co., 380 S.E.2d 858 (S.C. Ct. App. 1989); Fritz-Pontiac-Cadillac-Buick v.

Goforth, 440 S.E.2d 367 (S.C. 1994); Manufacturers and Merchants Mutual Insurance Co. v. Harvey, 498 S.E.2d 222 (S.C. Ct. App. 1998); Anderson v. State Farm Mutual Auto Insurance Co., 442 S.E.2d 179 (S.C. 1994). This Court has also reviewed the statute known as the "South Carolina Boating and Safety Act of 1999." S.C. Code Ann § 50-21-10(15) and (16). Finally, this Court has reviewed the federal cases cited by the parties. State Farm Mutual Automobile Insurance Co. v. Logan, 444 F.Supp.2d 622 (D.S.C. 2006); Auto Owners Insurance Co. v. Reier, 2007 WL 1194823 (D.S.C. 2007); State Farm Fire & Casualty Co. v. Pinson, 984 F.2d 610 (4th Cir. 1993).

After full review of the relevant authority cited supra, this Court is not persuaded that certification is appropriate in this case. There exists ample South Carolina caselaw that addresses the construction of insurance contracts to permit this Court to resolve any questions that may arise regarding this issue, or any other issue relevant to the adjudication of this case. Additionally, this Court declines to remand this case to state court.

Therefore, the plaintiff's Motion to Certify Question to South Carolina Supreme Court or in the Alternative to Remand to the State Court is hereby **DENIED**. (Doc. #32).

**IT IS SO ORDERED**.

    s/Terry L. Wooten
United States District Judge

May 6, 2010
Florence, South Carolina