UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CINDY MIZE, ) | Civil Action No.: 4:09-cv-0076-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| TRAVELERS CASUALTY COMPANY ) | |
| OF CONNECTICUT, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## I.  INTRODUCTION

This is a declaratory judgment action in which Plaintiff seeks a determination that she is entitled to uninsured boater's coverage under an insurance policy (the Policy) issued by Defendant Travelers Casualty Company of Connecticut (Travelers or Defendant) to Troy Mitchell.  Plaintiff originally filed this action in the Court of Common Pleas, Horry County, South Carolina.  Defendant removed the action to this court on January 12, 2009.  Plaintiff previously filed a Motion to Certify (Document # 32) the question presented in the case to the South Carolina Supreme Court.  The Motion was denied by the district judge.  Presently before the Court are cross-Motions for Summary Judgment (Defendant's Motion for Summary Judgment (Document # 39) and Plaintiff's Motion for Summary Judgment (Document # 43)).  These Motions have been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(c).

## II.  FACTS

### A.  The Boating Accident

This case arises out of a boating accident that occurred on June 10, 2007, when Troy Mitchell (Mitchell), the insured under the Policy at issue here, was operating his 2000 19 foot Maxum in the Intercoastal Waterway near North Myrtle Beach, South Carolina.  On that day, Plaintiff was invited

by another passenger to ride on Mitchell's boat as a guest. Plaintiff Dep. p. 12 (attached as Ex. B to Defendant's Motion). Plaintiff had not met Mitchell prior to June 10, 2007. Id. Plaintiff was one of five passengers on Mitchell's boat. Immediately prior to the accident, Plaintiff was standing in the stern of the boat looking at scenery. Id. at pp. 13, 18. At that time, an uninsured boat driven by Haim Shamah (Shamah) struck the rear of the Mitchell boat, injuring Plaintiff and two other passengers. Plaintiff never saw Shamah's boat prior to impact. Id. at p. 14. Shamah was arrested for felony DWI. Plaintiff was immediately taken to the hospital and later to the Medical University of South Carolina where she was diagnosed and treated for quadriplegia.[1] See Plaintiff's Response at p. 1. Plaintiff is permanently paralyzed.

Mitchell is the only person who drove, steered or navigated the boat on June 10, 2007. Mitchell Affidavit (attached as Ex. C to Defendant's Motion). No other passenger had charge or command of the boat. Id. At no time did Mitchell provide consent to any of his passengers to operate the boat. Id. Plaintiff does not dispute that Mitchell drove the boat nor does she claim that she ever assisted him in putting the boat in the water. Plaintiff Dep. at p. 18. However, Plaintiff does aver in her Affidavit that, as a passenger on the boat, she had specific duties and responsibilities, including looking for obstructions to navigation and advising the boat driver of any dangerous conditions. Plaintiff Aff. ¶ 3.

Although Mitchell denies any liability for the boating accident, Defendant settled Plaintiff's tort claim against him, which was paid through Mitchell's liability coverage from Defendant under the same Policy at issue in this case. See Release (attached as Ex. D to Defendant's Motion).

---

[1] Elsewhere in her Response, Plaintiff states that she was rendered paraplegic as a result of the accident. See Plaintiff's Response at p. 3.

Plaintiff filed a separate lawsuit against Shamah in Horry County, which has been resolved.[2]

### B. The Policy

The Policy at issue here contains an endorsement entitled "Uninsured Boat Coverage" which provides:

> **We** will pay damage which **you** or any **insured** are legally entitled to recover from the owner or operator of an **uninsured boat** because of **bodily injury** caused by a collision/allision with the **uninsured boat**. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured boat**. "Allision" means the striking of a fixed object such as a dock, pier, buoy or a vessel at anchor by a moving vessel.
>
> The certified copy of the Traveler's boat policy defines "Insured" as follows:
>
> "**Insured**" refers to (1) **you**; (2) **your** spouse and/or relatives who reside in **your** household (resident relative); and (3) any person or legal entity while operating your boat with an **insured**'s permission and without a charge or fee. "**INSURED**" DOES NOT INCLUDE (A) A PAID CAPTAIN OR CREW MEMBER; OR (B) ANY PERSON OR ORGANIZATION OPERATING, EMPLOYED BY, OR THE AGENT OF A MARINA, BOAT REPAIR YARD, YACHT CLUB, SALES AGENCY, BOAT SERVICE STATION, OR OTHER SIMILAR ORGANIZATION.

Travelers Policy No. 979599829-830-1 (attached as Ex. A to Defendant's Motion).

### III. STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming

---

[2] The record in this case does not reveal how the case was resolved.

forward with specific facts which show a genuine dispute for trial.  Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."  Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324.  Rather, the party must present evidence supporting his or her position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed.R.Civ.P. 56(c)(1)(A); see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## IV.     DISCUSSION

### A.     Arguments of the Parties

Defendant argues that Plaintiff (1) does not qualify for uninsured benefits because her claim has been paid under the liability portion of Mitchell's Policy and (2) does not qualify as an insured under the Policy because she was a passenger and not the operator of the boat.  Plaintiff argues that (1) she does qualify for uninsured benefits despite the fact that Mitchell settled her claim of liability

against him, (2) she qualifies as an insured under the Policy because South Carolina law defines "operator" to include a person who uses the boat, (3) the Policy is ambiguous and should be construed in her favor, and (4) the Doctrine of Reasonable Expectations should apply to allow coverage for Plaintiff under the Policy.

### B.     Policy Construction

Insurance policies are subject to general rules of contract construction. B.L.G. Enterprises, Inc. v. First Financial Ins. Co., 334 S.C. 529, 514 S.E.2d 327 (1999).[3] Courts must enforce, not write, contracts of insurance and must give policy language its plain, ordinary, and popular meaning. Fritz-Pontiac-Cadillac-Buick v. Goforth, 312 S.C. 315, 440 S.E.2d 367 (1994). "When the contract is unambiguous, clear, and explicit, it must be construed according to the terms used by the parties." Myers v. National States Ins. Co., 606 S.E.2d 486, 488 (S.C.Ct.App.2004). "The judicial function of a court of law is to enforce an insurance contract as made by the parties, and not to rewrite or to distort, under the guise of judicial construction, contracts, the terms of which are plain and unambiguous." Stewart v. State Farm Mut. Auto. Ins. Co., 533 S.E.2d 597, 601 (S.C.Ct.App.2000). "Where language used in an insurance contract is ambiguous, or where it is capable of two reasonable interpretations, that construction which is most favorable to the insured will be adopted." Poston v. National Fid. Life Ins. Co., 399 S.E.2d 770, 772 (S.C.1990) (internal quotation marks omitted). In other words, "when an insurance policy ... is susceptible to more than one reasonable interpretation, one of which would provide coverage, th[e] Court must hold as a matter of law in favor of coverage." Gaskins v. Blue Cross-Blue Shield of South Carolina, 245 S.E.2d 598, 602 (S.C.1978).

Both parties assert that, in the absence of South Carolina law interpreting or addressing

---

[3] Because this action is before this court pursuant to 28 U.S.C. § 1332, South Carolina law applies. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

boaters' insurance coverage, the court should look to South Carolina case law addressing or interpreting uninsured motorists' coverage. The undersigned agrees to the extent that the case law interpreting uninsured motorists' coverage addresses policy language that is similar to the language included in the Policy at issue here.

### C. Whether Plaintiff is an Insured as Defined by the Policy[4]

As stated above, the Policy provides coverage for "damage which you or any insured are legally entitled to recover from the owner or operator of an uninsured boat because of bodily injury caused by a collision/allision with the uninsured boat" and defines "insured" as, among other things[5], "any person or legal entity while operating your boat with an insured's permission and without a charge or fee." Plaintiff argues that the Policy is ambiguous because the term "operating" is not defined in the Policy and, therefore, it should be construed in favor of coverage. The court disagrees. Plaintiff has pointed to no authority holding that an undefined term in a policy creates an ambiguity. In fact, the well-settled law of contract construction provides that the language in a contract must be given its plain, ordinary, and popular meaning, see Goforth, 312 S.C. at 318, 440 S.E.2d at 369, which presupposes that not all language will be defined by the contract itself. South Carolina courts frequently address policies with undefined terms and either look to prior case law to see if the term has been defined as a matter of law, see, e.g., Collins Holding Corp. v. Wausau Underwriters Ins. Co., 379 S.C. 573, 578, 666 S.E.2d 897, 900 (2008) (citing Green v. U. Ins. Co. of Am., 254 S.C. 202, 205, 174 S.E.2d 400, 402 (1970)) (looking to prior South Carolina case law defining "accident"

---

[4] The undersigned finds this issue to be determinative of Plaintiff's claim under the Policy and, thus, the court need not address the arguments raised as to whether Plaintiff is entitled to uninsured coverage as a result of her settlement under the liability coverage provided by the same Policy.

[5] It is undisputed that Plaintiff is neither the named insured nor a resident relative of the named insured.

in a commercial general liability policy), or to Webster's Dictionary or the like to discover the plain, ordinary and popular meaning of a term, see, e.g., Super Duper Inc. v. Pennsylvania Nat. Mut. Cas. Ins. Co., 385 S.C. 201, 210, 683 S.E.2d 792, 796 (2009) (turning to Webster's Third New International Dictionary to determine the plain and ordinary meaning of the term "misappropriate"). Thus, the Policy is not ambiguous simply because a term used therein is not defined by the policy itself.

Plaintiff also argues that guest passengers on a boat should be included in the definition of "insured" because they are not specifically excluded from the definition like "paid captains and crew members." The court finds this argument unpersuasive. Absent the exclusion for paid captains and crew members, persons falling within the category could easily fall within the definition of "insured." However, for the reasons discussed below, it is unnecessary for the Policy to provide a specific exclusion for guest passengers because they do not fall within the definition of insured if they are not operating the boat. Thus, the lack of an exclusion for guest passengers does not render the Policy ambiguous either.[6]

South Carolina courts have not had occasion to address the meaning of the term "operating"

---

[6] The statutory definition of "insured" for automobile insurance purposes includes "any person who uses with the consent, expressed or implied, of the named insured the motor vehicle to which the policy applies and a guest in the motor vehicle to which the policy applies." S.C. Code Ann. § 38-77-30(7). Plaintiff urges the court to use the definition of "insured" as provided by South Carolina's automobile insurance statute rather than the definition specifically provided in the Policy since the definition of "insured" in the Policy tracks the statutory definition except for its use of "operating" instead of "use." However, "[a]n insurer's obligation under a policy of insurance is defined by the terms of the policy itself, and cannot be enlarged by judicial construction." MGC Mgmt. of Charleston, Inc. v. Kinghorn Ins. Agency, 336 S.C. 542, 548, 520 S.E.2d 820, 823 (Ct.App.1999). "[I]f the intention of the parties is clear, courts have no authority to torture the meaning of policy language to extend or defeat coverage that was never intended by the parties." Id. Here, the court finds no ambiguity or conflicting terms in the Policy language and thus the court need not look beyond the Policy itself to determine whether coverage exists. See McGill v. Moore, 381 S.C. 179, 185, 672 S.E.2d 571, 574 (2009) ("When a contract's language is clear and unambiguous, the language alone determines the contract's force and effect.").

in boater's insurance policies.[7] The plain and ordinary meaning of the word "operate" is "to perform a function: exert power or influence" (intransitive verb) or "to cause to function: work" (transitive verb), Merriam Webster's Collegiate Dictionary 814-15 (10th Ed. 1996), or "to run or control the functioning of," American Heritage Dictionary 481 (1983). "Operator" is defined as "one who operates a machine or device." Merriam Webster's Collegiate Dictionary 815 (10th Ed. 1996). By applying the plain and ordinary meaning of these terms to the facts presented in the case, the court concludes that Plaintiff is not an insured under the Policy and, thus, is not entitled to receive uninsured boat coverage. Plaintiff fails to show that the language used in the policy is susceptible to more than one reasonable interpretation. See Gaskins, 245 S.E.2d at 602. It is undisputed that Plaintiff never drove the boat nor did she assist in putting the boat in the water. Plaintiff avers that, as a passenger on the boat, she understood that she had specific duties and responsibilities, including looking for obstructions to navigation and advising the boat driver of any dangerous conditions. The facts in the record reveal that Plaintiff was standing in the stern of the boat looking at scenery at the time the accident occurred. Even assuming Plaintiff was looking for obstructions to navigation at the time the accident occurred, this action is insufficient to constitute "operating" the boat. She was not performing a function to exert power or influence over the boat nor was she causing the boat to function. Accordingly, Plaintiff does not qualify as an "insured" under the Policy and is not

---

[7]Plaintiff points to the South Carolina Boating and Safety Act of 1999, codified at S.C. Code Ann. § 50-21-5, et seq., which defines "operate" as "to navigate, steer or drive. It also includes the manipulation of moving water skis, a moving aquaplane, a moving surfboard, or similar moving device." S.C. Code Ann. § 50-21-10 (15). The statute defines "operator" as "the person who operates or has charge or command of the navigation or use of a vessel or watercraft." S.C. Code Ann. § 50-21-10(16). Plaintiff argues that this definition of "operator" includes a person who uses a vessel or watercraft. Plaintiff takes the phrase "use of a vessel or watercraft" out of context. The statute clearly defines an "operator" as the person who navigates, steers, or drives or who has "charge or command" of the use of the boat.

entitled to coverage.[8]

### D. Doctrine of Reasonable Expectations

Plaintiff urges the court to adopt the Doctrine of Reasonable Expectations in construing the Policy. However, this doctrine has been rejected in South Carolina and this court finds no reason to conclude that South Carolina courts would choose to adopt it in the present case. See Ex Parte United Services Auto. Ass'n, 365 S.C. 50, 614 S.E.2d 652, 654 (S.C.App.2005) ("The doctrine of reasonable expectations, which is essentially that the objectively reasonable expectations of insureds as to coverage will be honored even though a careful review of the terms of the policy would have shown otherwise, has been rejected in South Carolina."); Allstate Ins. Co. v. Mangum, 299 S.C. 226, 383 S.E.2d 464, 466-67 (S.C.Ct.App.1989).

### V. CONCLUSION

For the reasons discussed above, the court concludes that Plaintiff is not entitled to coverage under the Policy at issue. Therefore, Defendant's Motion for Summary Judgment (Document # 39) is **GRANTED**, Plaintiff's Motion for Summary Judgment (Document # 43) is **DENIED** and this case is dismissed.

**IT IS SO ORDERED.**

                                           s/Thomas E. Rogers, III
                                           Thomas E. Rogers, III
                                           United States Magistrate Judge

March 10, 2011
Florence, South Carolina

---

[8] Likewise, under the definitions of "operate" and "operator" as provided in the South Carolina Boating and Safety Act of 1999, Plaintiff does not qualify as an insured because she was not driving, steering or navigating the boat nor did she have charge or command of the use of the boat.